UNITED STATES *v.* LYONS TRANSPORT (No. 4942) [1]

United States Court of Customs and Patent Appeals, May 23, 1958

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Richard H. Welsh*, trial attorney, of counsel), for the United States.

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for appellee.

[1] C. A. D. 681.

Before JOHNSON, Chief Judge, and WORLEY, and RICH, Associate Judges.

JOHNSON, Chief Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, entered pursuant to its decision (C. D. 1912), sustaining a protest against the collector's classification and duty assessment of merchandise invoiced as "steel types for typewriters."

The merchandise was held dutiable by the collector under the basket clause of paragraph 397 of the Tariff Act of 1930, as modified by G.A.T.T., T.D. 51802, for articles, not specially provided for, composed wholly or in chief value of base metal, at the rate of 22½ per centum ad valorem. The importer, appellee herein, filed its protest against the collector's classification, urging among other claims, that the merchandise was properly dutiable under the provisions of paragraph 372, as modified by the Torquay Protocol to G.A.T.T., T. D. 52739, for parts of machines, at a rate of 13¾ per centum ad valorem. The Customs Court sustained this claim and from that holding the Government appeals.

The involved paragraphs, insofar as pertinent, read as follows:

Par. 372, as Enacted

\* \* \* *all other machines*, finished or unfinished, *not specially provided for*, 27½ per centum ad valorem: *Provided*, That *parts*, not specially provided for, wholly or in chief value of metal or porcelain, *of any of the foregoing*, shall be dutiable at the same rate of duty as the articles of which they are parts. \* \* \* (Emphasis added.)

Par. 372, as modified by T. D. 52739:

Machines, finished or unfinished, not specially provided for:

| * | * | * | * | * | * | * |

Other (except the following: accounting machines; bakery machines; calculating machines; combination candy cutting and wrapping machines; combination cases and sharpening mechanisms for safety razors; cordage machines; food cutting or grinding machines; hydraulic impulse wheels and hydraulic reaction turbines; industrial cigarette making machines; internal-combustion engines of the non-carburetor type; machines for determining the strength of materials or articles in tension, compression, torsion, or shear; machines for manufacturing chocolate or confectionery; machines for packaging pipe tobacco; machines for wrapping candy; machines for wrapping cigarette packages; and tobacco cutting machines)_____ 13¾% ad val.

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this Part:

| * | * | * | * | * | * | * |

Other_____ The rate for the article of which they are parts.

Par. 397, as modified by T. D. 51802:

Articles or wares not specially provided for whether partly or wholly manufactured:

| * | * | * | * | * | * | * |

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

    *        *        *        *        *        *        *

Other (except slide fasteners and parts thereof)_____ 22½% ad val.

It should also be noted that "typewriters" are *eo nomine* provided for in paragraph 1791 of the free list. There is no provision in said paragraph, however, for parts of typewriters.

The facts material to the hereinvolved issue are not in dispute. The record clearly indicates that typewriters cannot be used without type such as that imported and that the only use for the imported type is in connection with typewriters. It has been stipulated that the imported type is composed of steel.

Neither party disputes that typewriters are machines and that the imported type constitutes parts of machines. Nor is there any question but that if the involved merchandise is not properly dutiable under paragraph 372, as modified, it is dutiable under paragraph 397, as modified.

The importer's contention is simply that since there is no provision for "parts" in paragraph 1791, and since the type is admittedly a part of a machine, it is dutiable under paragraph 372.

The Government argues, on the other hand, that:

(1) The parts proviso phrase of paragraph 372, *supra*, reading "of any of the foregoing" plainly and unquestionably relates the entire parts proviso back to "all other machines, finished or unfinished, *not specially provided for*," whereas here "typewriters", *per se*, machines unquestionably, are machines specially provided for in free list paragraph 1791, *supra*.

    *        *        *        *        *        *        *

There being no applicable parts provision for typewriter type, it follows that the instant protests of the plaintiff should have been overruled, and the Collector's classifications sustained.

The Government also urges that the scheme of paragraph 372, as modified, does not differ from the originally enacted paragraph in using the words "Parts, * * * of any article provided for in any item 372 in this Part: * * *."

The Customs Court, relying upon *United States* v. *J. E. Bernard & Company, Inc.*, 42 C. C. P. A. (Customs) 141, C. A. D. 586, rejected the Government's arguments and held for the importer.

We are of the opinion that the decision below was erroneous and must be reversed.

The Government's interpretation of the involved paragraphs is unquestionably literally exact. Paragraph 372, as enacted, could include typewriters only through the provision therein for "all other machines, * * * not specially provided for." Since typewriters are *eo nomine* designated in paragraph 1791, it is clear that the foregoing provision does not include them. If typewriters

are not included in the language preceding the proviso in paragraph 372, it is clear that parts of typewriters are not dutiable under that paragraph, since the only parts dutiable therein are "parts, * * * *of any of the foregoing."* (Emphasis added.)

Paragraph 372, as modified by T. D. 52739, does not differ in substance from the paragraph as enacted, despite arguments to the contrary by the importer. It argues that the language "Parts, * * * *of any article provided for* in any item 372 in this Part" includes parts of any article "covered" by the general language of the paragraph, though dutiable under another paragraph. In other words, the importer argues that typewriters are "provided for" by the designation "machines," though they are dutiable (or duty-free) under paragraph 1791. We cannot agree with appellees on this point, for the articles "provided for" in paragraph 372 are machines "not specially provided for," and since typewriters are specially provided for in paragraph 1791, they are not "provided for" in paragraph 372.

That the foregoing is the only correct interpretation of the involved paragraphs we have no doubt. We are told, however, that this court in the *Bernard* case, *supra*, reached a contrary conclusion on a parallel legal question which cannot be distinguished from that here involved.

In the *Bernard* case, parts of "gladirons" (household ironing units) were involved. The importer urged the applicability of paragraph 353 of the Tariff Act of 1930, as modified, which provided for:

> * * * articles having as an essential feature an electrical element or device, * * * not specially provided for:
>
> *        *        *        *        *        *        *
>
> Parts, * * * of articles provided for in any item 353 of this Part.
> The same rate of duty as the articles of which they are parts.

The Government, agreeing that gladirons had an electrical element as an essential feature thereof, nevertheless argued that gladirons were "household utensils"; that paragraph 339 of the act provided specifically for "household utensils," though that paragraph had no parts provision; that since the provision for "household utensils" in paragraph 339 was a use provision, gladirons would be dutiable under that paragraph rather than paragraph 353; and that since *only* parts of articles provided for in paragraph 353 were dutiable thereunder, parts of gladirons were not dutiable under that paragraph but under the basket clause of paragraph 397.

Thus, the situation in the *Bernard* case parallels that in the instant case: paragraphs 353, 339, and 397 of that case are the counterparts of paragraphs 372, 1791 and 397, respectively, of this case. The Government's argument in that case was, broadly speaking, the same argument presented here. The only difference between that case

and this is that there, the Government argued that the parts were removed from paragraph 353 by virtue of the *use* provision of paragraph 339, whereas, here, typewriters are *eo nomine* provided for and removed from paragraph 372 by virtue of the n. s. p. f. clause therein. In the *Bernard* case, this court did not expressly state that gladirons as such would be dutiable under paragraph 339. It merely held that parts of gladirons were dutiable under paragraph 353. If gladirons as such were properly dutiable under paragraph 339, the *Bernard* case could not be reconciled with this case. The decision in the instant case is so clear that, if such were the case, we would be forced to overrule the *Bernard* case. We do not deem it necessary, however, to decide the proper classification of gladirons at this time. To the extent that the *Bernard* case is inconsistent with the instant case, it is overruled.

For the foregoing reasons, the judgment of the Customs Court is *reversed.*

O'CONNELL, J., was not present during the argument of this appeal, but, by agreement of counsel, did participate in the decision.

---

WORLEY, Judge, concurring.

In my opinion our decision in the *Bernard* case is reasonably susceptible of the interpretation placed upon it by the Customs Court and, if so interpreted, would require that court to decide the instant case as it did. However, we did not there expressly hold that gladirons were classifiable under paragraph 339, and it does not appear to me that such a holding was implicit in that decision. While it now appears that it would have been desirable to have passed on the question of relative specificity between the competing paragraphs, that was not the case. Accordingly, as I interpret that decision, it does not necessarily stand for the proposition that, where the paragraph under which an article is classifiable contains no provision for its parts such parts will be classified under another paragraph which includes parts, and which is broad enough to embrace the article, rather than in a basket paragraph.

The instant case involves no question of relative specificity since typewriters are provided for *eo nomine* on the free list schedule of paragraph 1791 of the 1930 Tariff Act, and there is no contention that they could be properly classified under paragraph 372. In view of that fact, and since the "parts" provision of the latter paragraph is expressly limited to parts of articles provided for in that paragraph, the instant merchandise cannot be classified there.